```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DIRECTV, INC.,                  )
                                )
          Plaintiff,            )
                                )
     v.                         )    Civil Action No. 04-769
                                )
EDWARD SEMULKA                  )
                                )    Judge Lancaster
          Defendant.            )    Magistrate Judge Hay
```

MEMORANDUM ORDER

Presently before the Court is Plaintiff's Motion to Strike Affirmative Defenses and Extraneous Material Attached to Defendant's Answer (doc. 31) filed pursuant to Fed.R.Civ.P. 12(b)(6)[1] and 12(f)[2].  Although Defendant has had several

---

[1] Rule 12(b)(6) provides as follows:

**(b) How presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:  *   *   *  (6)failure to state a claim upon which relief can be granted.

[2] Rule 12(f) provides as follows:

**(f)   Motion to Strike.**  Upon motion made by a party before responding to a pleading or . . . upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

opportunities to respond to the motion, he did not do so.[3] Accordingly, the motion is deemed unopposed.

Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure obligate a pleader to assert affirmative defenses if appropriate or they will be deemed waived. See Trio Process Corp. v. L. Goldstein's Sons, Inc., 461 F.2d 66, 74 (3d Cir. 1972), cert. denied, 409 U.S. 997 (1972). Affirmative defenses must adhere to Fed.R.Civ.P. 8(a)(2), which requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Generally, motions to strike under Rule 12(f) are not favored by federal courts and will be denied unless the allegations have no possible relation to the controversy or if they confuse the issues. Tonka Corp. v. Rose Art Industries, Inc., 836 F.Supp. 200, 217 (D.N.J. 1993). However, a district court may strike affirmative defense pleadings in at least three circumstances:

> A three-part test determines the fate of an affirmative defense subject to a motion to strike. (1) The matter must be properly

---

[3] On June 13, 2005, Plaintiff filed a Notice of Defendant's failure to respond to the motion, asking the Court to deem plaintiff's motion unopposed. Doc. 34. As well, pursuant to this Court's standing Order on Motions Practice issued on July 26, 2005, Defendant was on notice that a response to any motion is due within thirty days and that no separate briefing Order would issue. Doc. 39. Finally, this Court issued an Order on January 5, 2006, establishing a new deadline of January 31, 2006, for Defendant's response. Doc. 57.

2

> pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Rules 8 and 9; and (3) the matter must withstand a Rule 12(b)6 challenge--that is, if the defendant could prove no set of facts in support of the affirmative defense that would defeat the complaint, the defense must be stricken as legally inadequate.

Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc., 213 F.R.D. 307, 308 (N.D. Ill. 2003)(quoting Renalds v. S.R.G. Restaurant Group, 119 F.Supp.2d 800, 802-03 (N.D.Ill. 2000)). Moreover, affirmative defenses that are merely bare bones conclusory allegations do not meet the standards of Rule 8 and must be stricken. Id. As well, denials are not affirmative defenses. See Fed.R.Civ.P. Rule 8. Lastly, as noted, Rule 12(f) permits the Court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In determining whether to grant a motion to strike, district courts possess "considerable discretion" under Rule 12(f). River Road Development Corp. v. Carlson Corporation-Northeast., 1990 WL 69085, *2 (E.D.Pa. 1990)(quoted in Tonka Corp., 836 F.Supp. at 217).

In his Answer, Defendant set forth what can only be described as a laundry list of thirty-two affirmative defenses, many of which are fairly boiler-plate:

> 1.  Plaintiff's claims are barred by doctrine of accord and satisfaction.
> 2.  Plaintiff's claims are barred by the doctrine of assumption of the risk.

3

3. Plaintiff's claims are barred due to its contributory negligence.
4. Plaintiff's claims are barred by the doctrine of estoppel.
5. Plaintiff's claims are barred due to a failure of consideration.
6. Plaintiff's claims are barred due to its own fraud.
7. Plaintiff's claims are barred due to the illegality of the claimed actions or methods involved in its complaint.
8. Plaintiff's claim is barred by reason of its failure to join this defendant in a prior actions [*sic*] based upon the identical causes of action asserted herein.
9. Plaintiffs' [*sic*] claim is unenforceable since there was never a legal relationship or contract between the parties.
10. Plaintiffs' [*sic*] Complaint is barred for lack of jurisdiction.
11. Plaintiffs' [*sic*] Complaint is barred since venue in improper.
12. Plaintiffs' [*sic*] Complaint is barred for lack of appropriate service of process.
13. Plaintiffs' [*sic*] Complaint is barred as unconscionable.
14. Plaintiffs' [*sic*] Complaint is barred by its prior license to Defendant.
15. Plaintiffs' [*sic*] Complaint fails to state a legally recognizable cause of action.
16. Defendant hereby reserves the right to add, supplement, modify, change or amend any and all of its Affirmative Defenses as the facts and circumstances become known through further discovery and/or investigation.
17. Defendant had a legitimate purpose and use for the devices at issue in Plaintiff's Complaint.
18. Plaintiff's Complaint fails to State a Claim for which Relief Can be Granted.
19. Defendant is not in possession of any devices alleged in Plaintiff's Complaint.
20. Plaintiff's claims under section 2512 fails [*sic*] to state a claim as a matter of law.
21. Plaintiff's claims are barred by the statute of limitations applicable to its claims.
22. Plaintiff's equitable claims are barred by the doctrine of unclean hands, the plaintiff having delayed distribution of its "P-4" access card and

            failing to implement security measures when such measures were available to it several years prior to filing this action.
23. Defendant did not intercept, exhibit or otherwise assist in the unauthorized interception or exhibition of Satellite Television transmitted by Directv within the meaning of any statute prohibiting interception or exhibition of communications or cable satellite programming.
24. Plaintiff is not a person aggrieved within the meaning of any provision of 47 U.S.C. § 605.
25. Plaintiff is not entitled to damages as alleged in Plaintiff's Complaint.
26. Plaintiff is not entitled to pre-judgment interest on any of the claims in Plaintiff's Complaint.
27. Defendant did not intercept, endeavor to intercept or procure other persons to intercept electronic communications from Directv.
28. Plaintiff is required to prove actual damages suffered as a result of Defendant's alleged conduct.
29. Plaintiff is not a person whose electronic communications have been intercepted, disclosed and/or intentionally used.
30. Defendant did not manufacture, assemble or modify any devices to assist in the unauthorized decryption of Satellite Programming, etc.
31. Defendant did not violate 18 Pa.C.S.A. § 910.
32. This Honorable Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.[4]

The Plaintiff has moved to strike all but affirmative defenses 10, 16 and 19. Even a cursory review of the challenged affirmative defenses reveals that they constitute denials and not affirmative defenses, and/or have either been waived or do not meet the requirements of Rules 8 and 9, and/or are otherwise legally inadequate. For example, Defendant has plead the

---

[4] In his Answer (doc. 30), Defendant mis-numbered the affirmative defenses, omitting numbers 23 and 24. This Court has replicated the list of affirmative defenses and properly numbered them here.

affirmative defenses of assumption of the risk and contributory negligence, which are cognizable defenses to a tort action. However, inasmuch as Plaintiff has not brought a tort action against the Defendant these defenses have no possible relation to the controversy at hand.  As another example, Defendant asserts improper venue and lack of appropriate service of process.  These defenses are waived if omitted from a Rule 12 motion in the circumstances described in Rule 12 (g).  Fed.R.Civ.P. 12(h)(1). Here, Defendant filed a motion to dismiss prior to filing his Answer and did not raise these defenses in that motion; hence, they are waived.

This Court finds that the following challenged affirmative defenses are either denials and, therefore, not proper affirmative defenses, and/or have been waived or do not meet the requirements of Rules 8 and 9, and/or are otherwise legally inadequate: 1-9, 11-14, 17-20, and 22-32.  Accordingly, the Plaintiff's motion to strike is GRANTED to the extent that affirmative defenses 1-9, 11-14, 17-20, and 22-32 are hereby STRICKEN.  Plaintiff's motion is DENIED as to affirmative defenses 15, 18 and 21.  Defendant shall have until February 21, 2006, to properly plead any affirmative defenses he wishes to raise.

Additionally, attached to the Defendant's Answer are two documents from litigation involving Directv and other

6

defendants, not including the defendant in this case, filed in the Eastern District of Louisiana: (1) Directv's supplemental responses to interrogatories and (2) a memorandum order concerning a motion by Directv to maintain confidentiality of certain of its discovery responses.  Inasmuch as the Defendant has not demonstrated the relationship, if any, of these pleadings to the controversy at issue here, these documents are STRICKEN pursuant to Rule 12(f) as immaterial.

So ORDERED this 9th day of February, 2006.

/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

cc: Peter V. Marcoline, Jr., Esquire
245 Fort Pitt Building
3rd Floor
Pittsburgh, PA 15222

John W. Gibson, Esquire
Law Offices of John W. Gibson
Greenfield Court
1035 Fifth Avenue
Pittsburgh, PA 15219-6201